**Alta Oveta MIMS et al., Plaintiffs,**

**v.**

**The DUVAL COUNTY SCHOOL BOARD,**
a body corporate, et al.,
Defendants.

No. 4598–Civ–J–T.

United States District Court,
M. D. Florida,
Jacksonville Division.

June 24, 1974.

Norman J. Chachkin, New York City, and Deitra Micks, Jacksonville, Fla., for plaintiff.

Alta Oveta Mims; and Harry L. Shorstein and Thomas E. Crowder, Jackson-ville, Fla., defendant, Duval County School Board.

## ORDER

TJOFLAT, District Judge.

The Court has before it defendant Duval County School Board's motion for approval of interim vocational educational facility, filed on May 7, 1974, pursuant to this Court's Order of June 23, 1971 retaining jurisdiction of this case. The facility proposed is one which will consist of relocatable structures. It is to be placed on the campus of Southside Junior High School (the campus actually encompasses Southside Junior High School, Greenfield Elementary School, and a recreational area). The facility is to be temporary—to meet the urgent need for more vocational training until permanent facilities can be built elsewhere. It is to be a "skill center"; students will travel to this facility from whatever school they normally attend on a part-time basis, to take only vocational courses. The students will continue to take all other (academic) courses at their home schools.

The need for more vocational facilities in Duval County is clear beyond question. Undisputed testimony indicated that approximately two-thirds of all students in grades seven through twelve in the Duval County School System desire some sort of vocational training, and that the existing facilities are simply not adequate to meet the demand. At the present time some seventy vocational courses are being offered in schools located in north and west Jacksonville; only eight are offered in the southern part of the city (in the area of the proposed interim site), despite the fact that the demand for such vocational education is approximately the same in both areas.

At the hearings held on this motion, the School Board made it clear that the courses to be offered at the proposed

interim facility are to be available to any student in the school system desiring to take them, so long as the particular course he requests is not available at his home school. Furthermore, transportation is to be provided at county expense for any eligible student wishing to take a course at the proposed facility. As a result, blacks and whites will have an equal opportunity to pursue particular courses at the proposed interim facility if the courses they desire are unavailable at their home schools (either because the courses are not offered at all, or because they are already fully enrolled).

The Court has nothing before it to indicate that the Duval County School Board will not comply with the standards previously established by this Court with regard to integration of the school system. On the contrary, the evidence indicates that the School Board is striving to meet its obligations in this area of vocational education as best it can. The interim facility is to be located on a campus with other schools which are integrated and the courses to be offered at the interim facility are to be available to all eligible students in the county, regardless of race. Therefore, it is the opinion of this Court that defendant Duval County School Board's motion for approval of interim vocational educational facility should be granted.

Finally, it was suggested during the hearings on this matter that this Court hear and rule on both this motion and a motion for approval of relocation of career education center, filed on May 10, 1974. Since virtually no evidence has been presented on this latter matter, it is the Court's opinion that a ruling must await further hearings.

Accordingly it is

Ordered that:

1. Defendant Duval County School Board's motion for approval of interim vocational educational facility is granted.

2. A ruling on defendant Duval County School Board's motion for approval of relocation of career education center must await further hearings on said motion.